UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Steven Brian Dollman
Debra Sue Dollman,

No. 13-13057-j7

Debtors.

**MEMORANDUM OPINION REGARDING
TRUSTEE'S OBJECTION TO EXEMPTIONS**

THIS MATTER is before the Court on the Chapter 7 Trustee's Amended Objection to Amendment (the "Objection") and Debtors' response. *See* Docket Nos. 51 and 59.[1] The issue before the Court is whether the Debtors can exempt a personal injury claim arising from pre-petition injuries despite their not having listed it on their schedules or claimed it exempt before their chapter 7 case was closed. At a status conference held on August 16, 2017, the parties asked the Court to rule on the Objection based on the record, without holding an evidentiary hearing.[2]

For the reasons described below, the Court will strike Debtors' amended schedules filed in their reopened chapter 7 case without prejudice to Debtors filing a motion for extension of time under Rule 9006(b) to amend Schedule B to list the personal injury claim and Schedule C to claim it exempt. The Court will fix a deadline for the filing of such a motion to accommodate the needs of the state court where the personal injury claim is pending. Because the Court will strike Debtors' amended schedules, it declines at this time to reach the other legal issues the parties raised. If Debtors timely file a motion under Rule 9006(b), the Court will hold an evidentiary hearing on the motion.

---

[1] The parties filed briefs in support of and in opposition to the Objections. Docket Nos. 81, 87 and 89.
[2] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Bankruptcy Procedure and all statutory references are to Title 11 of the United States Code.

FACTS[3]

On December 18, 2012, Debtor Darla Sue Dollman allegedly was injured in the parking lot of a Walmart store. Debtors allege that before filing this chapter 7 case on September 18, 2013, they fully and frankly disclosed the injury to their bankruptcy counsel. Debtors did not list their personal injury claim arising from the incident in the Walmart parking lot (the "Personal Injury Claim") as an asset in their bankruptcy schedules, nor did they claim it exempt before the bankruptcy case was closed. The §341(a) meeting of creditors was held on October 21, 2013. The Chapter 7 trustee ("Trustee") alleges that Debtors did not disclose the Personal Injury Claim to the Trustee at the meeting of creditors or at any other time before the closing of the chapter 7 case. The Trustee filed a report of no distribution in the bankruptcy case. Debtors received a discharge and the bankruptcy case was closed on December 30, 2013. Almost two years later, on December 11, 2015, Ms. Dollman filed a civil action in state court asserting the Personal Injury Claim. The defendant in the state court action sought summary judgment denying the Personal Injury Claim on the ground that Ms. Dollman did not have standing to assert the claim. On January 24, 2017, this Court granted Debtors' motion to reopen and reopened this chapter 7 case. On January 25, 2017, without seeking leave of court, Debtors amended their schedules to list the Personal Injury Claim as an asset and to claim it exempt.

DISCUSSION

The Trustee objects to Debtors exempting the Personal Injury Claim on two grounds: first, that Debtors cannot amend their claims of exemption after the case was closed, except on a

---

[3] For the purpose of this opinion, unless otherwise indicated, these facts are not in dispute. The Court derived the undisputed facts, and the disputed allegations of the parties, from the Trustee's Objection (Docket No. 49), Debtors' response to the Objection (Docket No. 51), and other documents filed of record including the schedules and amended schedules, Trustee's report of no distribution, discharge order, final decree, motion to open and reopen order, and the parties' briefs. (Docket Nos. 1, 8, 15, 16, 18, 19, 20, 23, 81, 87, 89).

showing of excusable neglect; and second, that the amount claimed exempt exceeds the maximum allowable exemption. *See* Docker No. 49. In his brief the Trustee asserts a third ground: that judicial estoppel requires disallowance of the claim of exemption. *See* Docket No. 81. In response, Debtors describe their financial circumstances and the purpose of exemption statutes; argue that under *Law v. Siegel* exemptions cannot be denied based on any bad faith or lack of diligence on the part of debtors; and assert that Debtors, unlike the Trustee, will suffer prejudice if they are not allowed to claim the Personal Injury Claim exempt. *See* Docket Nos. 51 and 87.

*Amending schedules in a reopened bankruptcy case to claim
an exemption requires a showing of excusable neglect under
Bankruptcy Rule 9006(b)(1)*

The Trustee argues that to amend their schedules to claim the Personal Injury Claim as exempt, Debtors must file a motion under Rule 9006(b)(1) to extend the time to amend their schedules. Under that rule, Debtors must show that their failure to schedule the Personal Injury Claim prior to the closing of their chapter 7 bankruptcy case was the result of excusable neglect. The Court agrees.

When seeking the protection of a bankruptcy court, a debtor has the duty to schedule all assets and liabilities, disclose income and expenses, make disclosures regarding the debtor's financial affairs, and claim any exemptions. 11 U.S.C. §521(a). To facilitate the discharge of these duties, a debtor during the bankruptcy case enjoys a liberal right before the bankruptcy case is closed to amend schedules and statements as a matter of course under Rule 1009(a). Rule 1009(a) provides, "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time *before the case is closed*." Fed. R. Bankr. P. 1009(a) (emphasis added). The plain language of the rule limits the right to amend as a matter of course to "at any time before the case is closed." Fed. R. Bankr. P. 1009(a). Courts are split regarding

Case 13-13057-j7    Doc 94    Filed 09/29/17    Entered 09/29/17 15:07:53 Page 3 of 10

how this limit in the Rule affects a debtor's right to amend schedules when a case has been closed and then reopened. *See In re Smith*, 2014 WL 7358808, at *3 (Bankr. D.N.M. Dec. 24, 2014) (Thuma, J.) (describing the split among the courts).

Three approaches have emerged to the application of Rule 1009(a) in a reopened case. First, the broad approach treats a reopened case the same as a case that was never closed and allows the debtor to amend schedules as a matter of course in the reopened case. See e.g. *In re Goswami*, 304 B.R. 386, 392–93 (B.A.P. 9th Cir. 2003). Second, the narrow approach does not permit any amendments to schedules in a reopened case. *See, e.g.*, *In re Bartlett*, 326 B.R. 436, 439 (Bankr. N.D. Ind. 2005). Third, the middle approach applies Rule 9006(b)(1), which allows the debtor to amend schedules upon proving the failure to do so before case closure was the result of excusable neglect. *See, e.g.*, *In re Moretti*, 260 B.R. 602, 607-608 (B.A.P. 1st Cir. 2001).

The broad approach holds that with respect to the right to amend schedules "there is no difference between an open case and a reopened case."[4] *In re Goswami*, 304 B.R. at 392–93. The *Goswami* court reasons that equal treatment of open and reopened cases under Rule 1009(a) is justified because the Bankruptcy Code and Bankruptcy Rules do not mention reopened cases. *Id.* at 392. Allowing liberal amendment also serves purposes of the Bankruptcy Code and Rules by promoting the debtor's fresh start and the ease of administering the estate. *Id.* at B.R. at 394.

This Court declines to follow the broad approach. Reading Rule 1009(a) to permit a debtor to amend schedules in a reopened case anytime as a matter of course before the case is re-closed would make the limiting clause, "at any time before the case is closed," inoperative and

---

[4] Other cases that have applied the broad approach include: *In re Azbill*, 385 B.R. 799 (B.A.P. 6th Cir. 2008); *In re Smith*, 2017 WL 1457942, at *4 (B.A.P. 9th Cir. Apr. 24, 2017); *In re Weeden*, 2005 WL 6960220, at *3 (B.A.P. 9th Cir. Sept. 6, 2005); *In re Dougan*, 350 B.R. 892, 895 (Bankr. D. Idaho 2006); *In re Mathis*, 2007 WL 954756, at *1 (Bankr. E.D. Tenn. Mar. 29, 2007).

-4-

superfluous because schedules can be amended only in an open case. *See In re Smith*, 2014 WL 7358808, at *3 (Thuma, J.) ("This interpretation ignores the "before the case is closed" clause (i.e., the result would be the same if the clause were deleted.)"). Such a construction is to be avoided if possible. *See United States v. Pauter*, 857 F.3d 1073, 1075 (10th Cir. 2017) (if possible a statute should be construed to give every word operative effect); *In re Mallo*, 774 F.3d 1313, 1317 (10th Cir. 2014) (absent rare and exceptional circumstances, "we construe statutes so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (internal quotation marks and citations omitted); *In re Bradbury*, 310 B.R. 313, 317 (Bankr. N.D. Ohio 2003) (referring to the "basic principle of statutory construction that the interpretation of statutes and rules of procedure should be done in a manner so that no part is rendered inoperative, superfluous, void or insignificant."). As explained below, other constructions of Rule 1009(a) give meaning and effect to all of its words.

The narrow approach likewise is problematic. This approach strictly interprets "before the case is closed" in Rule 1009(a) to prohibit any amendment to schedules in a reopened case. *In re Bartlett*, 326 B.R. at 439.[5] Courts taking the narrow approach reason that the absolute bar to amendment is justified by the plain language of Rule 1009(a), because "[I]f the drafters had wanted to allow amendments 'at any time,' 'at any time the case is open,' or 'unless the case is closed,' they would have said so." *Id*. The *Bartlett* court also reasons that applying Rule 1009(a) in a reopened case would "render the rule's limitation completely illusory and, therefore, meaningless." *Id.* The Court finds the narrow approach too restrictive. It fails to recognize or apply Rule 9006(b)(1) allowing enlargement of time under certain circumstances if the period has expired before the motion to enlarge time is filed. Provisions in statutes and rules of

---

[5] Other cases that have applied the narrow approach include: *In re Coverstone*, 2006 WL 2136032, at *1 (Bankr. N.D. Ind. July 27, 2006); *In re Clear*, 1992 WL 1359570, at *1 (N.D. Ind. May 26, 1992).

-5-

Case 13-13057-j7    Doc 94    Filed 09/29/17    Entered 09/29/17 15:07:53 Page 5 of 10

procedure should be read in the broader context of the statute and rules as a whole. *See Keller Tank Servs. II, Inc. v. Comm'r of Internal Revenue*, 854 F.3d 1178, 1196 (10th Cir. 2017) (applying this principle to statutory construction); *See also United States v. Ceballos-Martinez*, 387 F.3d 1140, 1144 (10th Cir. 2004) (applying rules of statutory construction to construe rules of procedure).

The middle approach, which this Court adopts, gives meaning to the limiting clause of Rule 1009(a); it "terminates the liberal right to amend" when the case is closed and recognizes and applies Rule 9006(b)(1) to amendments to schedules in a reopened case. *See e.g. In re Poulette*, 493 B.R. 729, 733 (Bankr. D. Md. 2013).[6] A parallel to this construction of Rules 1009(a) and 9006(b)(1) can be found in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(1) permits amendments to pleadings once as a matter of course within a specified time, and Fed. R. Civ. P. 15(a)(2) specifies a standard the party seeking to amend must meet for amendments after that time.[7]

Rule 9006(b)(1) states, in relevant part,

> [W]hen an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). Rule 9006(b)(1) places the burden of proof on the debtor to show why the failure to amend the schedules as a matter of course before the case was closed, as permitted by Rule 1009(a), was the result of excusable neglect.

---

[6] Other courts adopting the middle approach include *In re Moretti*, 260 B.R. 602, 607-608 (1st Cir. BAP 2001); *In re Wilmoth*, 412 B.R. 791, 796 (Bankr. E.D. Va. 2009); *In re Smith*, 2014 WL 7358808, at *3 (Bankr. D.N.M. Dec. 24, 2014); *In re Colquitt*, 2012 WL 3262764, at *2 (Bankr. S.D. Tex. Aug. 8, 2012); *In re Burton*, 2011 WL 5902611, at *4 (Bankr. E.D.N.C. Nov. 3, 2011); and *In re Dunn*, 2010 WL 2721201, at *2 (Bankr. E.D.N.C. July 7, 2010).

[7] Rule 7015 makes Fed.R.Civ.P. 15 applicable in adversary proceedings; Rule 9014(c) authorizes bankruptcy courts to make Fed.R.Civ.P. 15 applicable in contested matters.

*Applying Rule 9006(b) is not barred by Law v. Siegel
because it is a valid procedural rule*

Debtors urge that Rule 9006(b)(1) does not apply to them because of principals the Supreme Court applied in *Law v. Siegel*, 134 S.Ct. 1188 (2014). The Court disagrees.

In *Law v. Siegel* the Supreme Court invalidated a bankruptcy court's exercise of equitable powers to surcharge exempt property because doing so would contravene the Bankruptcy Code § 522's statutory exemption provisions. *Id*. at 1196. The Supreme Court explained:

> [§] 522 sets forth a number of carefully calibrated exceptions and limitations, some of which relate to the debtor's misconduct. . . . The Code's meticulous—not to say mind-numbingly detailed—enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions.

*Id*. at 1196. *Law v. Siegel* holds that bankruptcy courts do not have equitable power to deny exemptions by surcharging property exempt under the Bankruptcy Code based on a debtor's bad-faith conduct. *Id*.

*Law v. Siegel* does not preclude courts from applying valid procedural rules. Procedural rules regulate the manner and means of enforcing substantive legal rights. *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941). Rule 9006(b)(1) is such a procedural rule.

The Federal Rules of Bankruptcy Procedure are adopted by the United States Supreme Court to regulate the process by which the substantive protections of the Bankruptcy Code are enforced. 28 U.S.C. §2075. A rule cannot "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. In determining whether a rule abridges a substantive right, "the test must be whether a rule really regulates procedure, — the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Sibbach v. Wilson & Co.*, 312 U.S. at 14; *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) (plurality opinion stating, "What

matters is what the rule itself regulates: If it governs only the manner and the means by which the litigants' rights are enforced, it is valid . . .").

Rule 9006(b)(1) is a valid procedural rule under this test. The Federal Rules of Bankruptcy Procedure, like the Federal Rules of Civil Procedure, specify times for filing and amending pleadings and other documents. For example, Fed. R. Civ. P. 12 and its Bankruptcy Rule counterpart specify the time to answer a complaint, and when and how affirmative defenses must be asserted; Fed. R. Civ. P. 13 and its Bankruptcy Rule counterpart define and govern when and how compulsory counterclaims must be filed; and Fed. R. Civ. P. 15 and its Bankruptcy Rule counterpart fix a time in which amendments to pleadings may be filed as a matter of course and set a standard for amendments after that time. Similarly, Rules 1009(a) and 9006(b)(1) govern amendments to bankruptcy schedules, and set the standards for amendment. Rules 1007 and 4003 require debtors to claim exemptions in their bankruptcy schedules. Although these procedural rules can affect the right to assert substantive claims, they do not "abridge, enlarge, or modify any substantive right" as proscribed by 28 U.S.C. § 2075. By contrast, the proscription articulated in *Law v. Siegel* prevents bankruptcy courts from exercising equitable powers to create judicial exceptions to statutorily created exemptions in derogation of the exemption provisions of 11 U.S.C. § 522.

*The excusable neglect standard under Rule 9006(b)*

The leading case examining excusable neglect under Rule 9006(b)(1) is *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). The Supreme Court in *Pioneer* defined a two-step inquiry to determine whether the failure to act within the designated time was the result of excusable neglect. *In re Nickels Performance Sys., Inc.*, 169 B.R. 647, 651 (Bankr. E.D. Tenn. 1994). First, the Court must consider if the failure was the result of neglect. Neglect is defined as "inadvertence, mistake, or carelessness, as well

as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co.,* 507 U.S. at 388.  Second, the Court must consider if that neglect was excusable.  This "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.  To make this determination the Court considers factors including, "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

## OTHER ISSUES AND CONCLUSION

The parties stipulated to the Court making a ruling on the record on the Trustee's Objection, without an evidentiary hearing, on the belief that legal issues would be dispositive and no further evidence would be needed to fairly decide the issues on the merits.  The Court's adoption of the "middle approach" in the application of Rules 1009(a) and 9006(b)(1) to amendment of exemptions in reopened cases, however, means that evidence is required for the Court to apply the excusable neglect standard if Debtors file a motion to extend the time to amend their schedules under Rule 9006(b)(1).

The Court will strike Debtors' amended schedules filed in the reopened case, without prejudice, because Debtors filed the amended schedules without leave of court.  For the reasons stated above, leave of Court to amend schedules after a case has been closed is required by Rules 1009(a) and 9006(b)(2) even if the case is later reopened.  The Court will give Debtors until October 23, 2017 to file a motion to extend the time to amend their schedules to list the Personal Injury Claim in Schedule B and claim it exempt in Schedule C.  If Debtors timely file such a motion, the Court will schedule an evidentiary hearing on the motion.

-9-

Case 13-13057-j7    Doc 94    Filed 09/29/17    Entered 09/29/17 15:07:53 Page 9 of 10

Because the Court will strike Debtors' amended schedules, it declines to reach the other legal issues the parties raise unless resolution of those issues should become necessary at a later date. The Court will enter an order consistent with this memorandum opinion.

／s／ *Robert H. Jacobvitz*
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: September 29, 2017

COPY TO:

Deborah May DeMack
Attorney for the Debtors
9400 Holly Ave., NE, Bldg. 4
Albuquerque, NM 87122

Philip J. Montoya
Trustee
1122 Central Ave SW Ste #3
Albuquerque, NM 87102
505-244-1152

United States Trustee
PO Box 608
Albuquerque, NM 87103